[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 06-12393
Non-Argument Calendar

———————————————

BIA No. A96-283-826

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2006
THOMAS K. KAHN
CLERK

CAROLINA CARVAJAL-CASTANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

———————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

———————————————

**(December 22, 2006)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Carolina Carvajal-Castano petitions for review of the Board of Immigration

Appeals' (BIA's) order affirming the Immigration Judge's (IJ's) denial of her

application for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158(a)(1), 1231(b)(3).[1] Carvajal-Castano, a member of the Conservative Party, the Association of Artisans of Candio, and the Local Administrative Meetings, asserts her political activities caused her to be persecuted and threatened by the Revolutionary Armed Forces of Colombia (FARC). Carvajal-Castano contends neither the BIA nor the IJ placed sufficient weight on all of the encounters she had with FARC, which fell within the definition of past persecution.[2] Substantial evidence supports the BIA's decision, and we deny the petition.

To the extent the BIA's decision is based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record evidence in the light most favorable to the [BIA's] decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir.

---

[1] Castano does not challenge the BIA's denial of relief under the United Nations Convention Against Torture. Thus, that issue is abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2] Here, the BIA disagreed with the IJ's reasoning and gave its own explanation for why relief should be denied. Accordingly, we review only the BIA's decision, and the IJ's findings regarding Castano's lack of a political opinion are irrelevant to this appeal. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (finding "[w]e review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion").

2004) (*en banc*), *cert. denied*, 125 S. Ct. 2245 (2005). Findings of fact may be reversed only when the record compels the opposite conclusion. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006).

A petitioner can establish asylum based on past persecution if she can demonstrate she was persecuted and the persecution resulted from a protected ground. *Id.* In establishing eligibility for asylum based on a well-founded fear of future persecution, she must demonstrate both a "subjectively genuine and objectively reasonable fear of persecution," resulting from a protected ground. *Id.*

Here, the BIA denied asylum because there was insufficient evidence Carvajal-Castano experienced persecution or had a well-founded fear of future persecution. The evidence does not compel a finding Carvajal-Castano was persecuted, as her testimony was that she had been threatened, mostly by telephone, and recounted no physical contact except being pushed against a wall. "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (11th Cir. 2005) (quotations and citation omitted). "[M]enacing telephone calls and threats . . . do not rise to the level of past persecution that would compel reversal of the IJ's decision." *Id.* Thus, the incidents about which Carvajal-Castano testified do not rise to the level of past persecution.

3

Additionally, in a case where the petitioner had been subject to menacing telephone calls and threats, we noted the petitioner's "notoriety" would not outlast a four-year absence, making her fear of future persecution objectively unreasonable. *Id.* at 1232. Similarly here, there is no evidence the FARC would still be interested in Carvajal-Castano three years later. Thus, the evidence does not compel a finding Carvajal-Castano has a well-founded fear of future persecution.

Withholding of removal may be granted if the alien can establish that, if returned to his country, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). "'Where an applicant is unable to meet the 'well-founded fear' standard for asylum, [she] is generally precluded from qualifying for either asylum or withholding of [removal].'" *Silva*, 448 F.3d at 1243. As Carvajal-Castano failed to establish eligibility for asylum, she also failed to establish eligibility for withholding of removal.

PETITION DENIED.